**SILVERTON LOAN AND BUILDING COMPANY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 8621.

United States District Court, S. D. Ohio, W. D.

April 16, 1976.

Stanley L. Ruby, Paxton & Seasongood, Cincinnati, Ohio, for plaintiff.

David J. Curtin, Dept. of Justice, Tax Div., Washington, D. C., for defendant.

## FINDINGS OF FACT OPINION AND CONCLUSIONS OF LAW

CARL B. RUBIN, District Judge.

This matter is before the Court for determination following submission of trial briefs and the presentation of evidence and testimony. Pursuant to Rule 52 of the Federal Rules of Civil Procedure, the Court does submit its findings of fact and conclusions of law.

I

### FINDINGS OF FACT

1. For many years prior to 1964 the plaintiff functioned as a building and loan company in Hamilton County, Ohio. Like similar institutions, plaintiff encouraged the deposit of funds and loaned such funds on improved real estate. Plaintiff charged an interest rate on such loans greater than that paid to depositors in order to defray operating expenses, pay dividends to its shareholders and to maintain a reserve for losses arising out of its operation.

2. Like most building and loan companies plaintiff has maintained a loss reserve fund. On July 1, 1945, the balance in such fund was $56,943.57. (Defendant Exhibit E) From July 1, 1945 through December 31, 1964, no losses were charged and semi-annual contributions increased the fund to $343,746.99 as of December 31, 1964.

3. In 1964, 1965, and 1966, the years in question in this litigation plaintiff treated as a deduction the respective sums of $25,648.24, $40,176.65, and $27,190.65. Each of the foregoing sums precisely equaled the net earnings of plaintiff during the year in question. During the same three years the plaintiff sustained no losses in 1964, $15,010.17 losses in 1965 and realized a credit of $342.46 in 1966.

No evidence has been presented, nor is any assertion made, that the amounts deducted for a loss reserve bore any relationship to the total amounts of loans outstanding, to losses sustained or to the number of loans that were delinquent in one or more respects at any given time.

4. For each of the calendar years 1964, 1965 and 1966, the plaintiff prepared and filed in timely fashion Form 1120 entitled, "United States Corporation Income Tax Return".

For the calendar year 1964 the Internal Revenue Service assessed additional taxes and interest in the sum of $9,723.00, which were thereupon paid by plaintiff.

For the calendar year 1965 the Internal Revenue Service assessed additional taxes and interest in the sum of $14,910.18 which were thereupon paid by plaintiff.

For the calendar year 1966, the Internal Revenue Service assessed additional taxes and interest in the sum of $6,746.63 which were thereupon paid by plaintiff.

Plaintiff properly filed claims for refund of taxes and interest for the years 1964, 1965 and 1966 and such claims have been disallowed.

5. During the years in question reserves for losses on loans to qualifying taxpayers were governed by 26 U.S.C. § 593. Plaintiff was an organization to which such section applied in accordance with the definition of subsection (a).

Subsection (c) provided in part as follows:

Each taxpayer described in subsection (a) which uses the reserve method of accounting for bad debts shall establish and maintain a reserve for losses on qualifying real property loans, a reserve for losses on nonqualifying loans, and a supplemental reserve for losses on loans. . . .

At no time during the years in question did plaintiff maintain three such accounts but instead did maintain a "reserve fund" into which the net earnings for the years 1964, 1965 and 1966 were placed.

## II

## OPINION

This litigation represents a reversal of the classical posture of taxpayer and Internal Revenue Service in regard to the transactions under question. It is almost axiomatic that in tax matters the Commissioner and the courts have taken the position that the form of a transaction will be ignored and the substance of it will be utilized for purposes of determining tax liability. *Gregory v. Helvering,* 293 U.S. 465, 55 S.Ct. 266, 79 L.Ed. 596 (1935); *Estate of Stranahan v. Commissioner of Internal Revenue,* 472 F.2d 867, 869 (6th Cir. 1973). In this matter, however, it is the United States which is insisting upon the form of the transaction rather than the substance.

The Court will judicially notice that the function of building and loan companies is to lend money on residential real estate. In such a business, as in any business involving the lending of money, there will inevitably be losses from uncollectable notes and from mortgaged real estate which does not bring upon sale a sufficient sum to pay the amount of the loan outstanding. As a prudent business organization, the plaintiff has established a reserve against such losses which in the abstract would appear to be a sensible and appropriate precaution.

While the Court entertains substantial doubt as to the propriety of equating net earnings with loss reserves, it is not necessary to reach this question.

Deductions from taxable income are not a matter of right. They exist only so long as Congress in its legislative wisdom determines that such deductions are appropriate. The complex history of the income tax contains examples without number of deductions that have been created, eliminated, increased, decreased, expanded, contracted, or ignored completely. In this instance Congress by enacting 26 U.S.C. § 593(c)(1) as a condition precedent to the 26 U.S.C. § 166(c) deduction, required the establishment of the three separate reserve funds. It should be noted that the three mandated reserve funds (a) reserve for losses on qualifying real property loans (b) reserve for losses on non-qualifying loans, and (c) supplemental reserves for losses on loans are not treated equally for tax purposes, i. e. no deduction at all is permitted for amounts in the supplemental reserve 26 U.S.C. § 593(c)(1). It is an appropriate legislative function to prevent the co-mingling of deductible and nondeductible funds in one reserve. It is not a judicial function to determine the wisdom of congressionally approved legislation. We are confronted with a statute couched in mandatory terms, clear on its face and specific in its effect. The plaintiff herein has not complied with the precise technical terms of such statute and appears therefore to be barred from claiming what might otherwise be an appropriate deduction.

## III

## CONCLUSIONS OF LAW

A. This Court has jurisdiction in accordance with 28 U.S.C. § 1346(a).

B. A domestic building and loan association using the reserve method of accounting for bad debts may deduct from its taxable income an appropriate loss reserve if such building and loan association maintains those reserves set forth in 26 U.S.C. § 593(c)(1).

C. Plaintiff herein having failed to establish the reserve accounts set forth in Conclusion of Law B is barred from claiming bad debt deductions in the calendar years 1964, 1965, and 1966.

D. Plaintiffs' complaint should be and is hereby DISMISSED. Each party to pay its own costs.

LET JUDGMENT ISSUE IN ACCORDANCE WITH THE FOREGOING.